# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

HAROLD EDWARDS,

    Petitioner,

    v.

STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 2:19-cv-01224-APG-DJA

**ORDER GRANTING
MOTION TO DISMISS**

(ECF No. 7)

      Harold Edwards was convicted in state court of possession of credit or debit cards without the cardholder's consent and battery on a protected person. He commenced this habeas corpus action *pro se* on July 12, 2019. The respondents have moved to dismiss the case. ECF No. 7. I will dismiss this action because all of Edwards' claims are procedurally defaulted and he does not show cause and prejudice relative to the procedural default.

Background

      The state district court, in its order on Edwards' first state habeas petition, described the background of this case as follows:

> On August 28, 2015, Las Vegas Metropolitan Police officers observed Edwards jaywalking and failing to observe crosswalk indicators near downtown Fremont Street in Las Vegas. The officers stopped Edwards and asked for his identification, but Edwards responded that he did not have any. Edwards consented to a search of his person. The officers searched Edwards' pockets and found documents that identified Edwards as well as five credit cards with other names on them. The documents identifying Edwards were legal documents showing charges for possession of credit cards without the owners' consent. Edwards claimed that the cards belonged to his girlfriend, but when asked the name of his girlfriend, he responded with a name other than that on the cards. Officers attempted to arrest Edwards, but Edwards "giggled" as one of the officers was reaching for his handcuffs and then attempted to flee. One of the officers was able to grab onto Edwards' shirt and prevent him from fleeing, [at]

which point he elbowed the officer in the face, busting the [o]fficer's lip.  The officers were able to arrest Edwards.

At trial, the owners of the credit cards testified that they did not know Edwards and had not given him permission to use or possess the credit cards. One of the victims testified that her US Bank card had been used shortly before Edwards' arrest after her credit cards had been stolen from her purse at a nearby restaurant.  Jurors deliberated for approximately one hour before convicting Edwards on all counts.

* * *

On October 27, 2016, this Court sentenced Petitioner to 19–48 months in the Nevada Department of Corrections for each of Counts 1 through 5, with Counts 1, 2 and 3 running concurrently, Count 4 running consecutively, and Count 5 running concurrently to Count 4.  Petitioner was also sentenced to 364 days in the Clark County Detention Center for Count 6, Battery on a Protected Person, consecutive to Count 5.  Petitioner received 427 days credit for time served.

Findings of Fact, Conclusions of Law and Order, Exh. 64 (ECF No. 9-24).

Edwards appealed from his conviction. *See* Notice of Appeal, Exhs. 33, 45 (ECF Nos. 8-33; 9-5); Fast Track Statement, Exh. 50 (ECF No. 9-10).  The Nevada Court of Appeals affirmed on June 9, 2017. *See* Order of Affirmance, Exh. 54 (ECF No. 9-14).

Edwards filed a petition for writ of habeas corpus in the state district court in August 8, 2017. *See* Petition for Writ of Habeas Corpus, Exh. 58 (ECF No. 9-18).  The court denied the petition in an order filed on November 29, 2017. *See* Findings of Fact, Conclusions of Law and Order, Exh. 64 (ECF No. 9-24).  Edwards did not appeal.

Edwards filed a second petition for writ of habeas corpus in the state district court on January 9, 2018. *See* Petition for Writ of Habeas Corpus, Exh. 67 (ECF No. 9-27).  The court denied that petition on April 24, 2018. *See* Findings of Fact, Conclusions of Law and Order, Exh. 71 (ECF No. 9-31).  Edwards appealed. *See* Notice of Appeal, Exh. 73 (ECF No. 9-33);

1  Appellant's Informal Brief, Exh. 78 (ECF No. 9-38).  The Supreme Court of Nevada affirmed on

2  March 15, 2019. *See* Order of Affirmance, Exh. 79 (ECF No. 9-39).

3        On July 12, 2019, this court received from Edwards a *pro se* petition for writ of habeas

4  corpus under 28 U.S.C. § 2254 initiating this case. ECF No. 4.  The respondents now move to

5  dismiss.

6  Discussion

7        A state prisoner who fails to comply with the state's procedural requirements when

8  presenting claims is barred by the adequate and independent state ground doctrine from

9  obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731-32

10  (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas

11  petitioner who has failed to meet the State's procedural requirements for presenting his federal

12  claims has deprived the state courts of an opportunity to address those claims in the first

13  instance.").  Where such a procedural default constitutes an adequate and independent state

14  ground for denial of habeas corpus, the default may be excused only if "a constitutional violation

15  has probably resulted in the conviction of one who is actually innocent," or if the prisoner

16  demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S.

17  478, 496 (1986).

18        To demonstrate cause for a procedural default, the petitioner must "show that some

19  objective factor external to the defense impeded" his efforts to comply with the state procedural

20  rule. *Murray*, 477 U.S. at 488.  The external impediment must have prevented the petitioner from

21  raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  With respect to the

22  prejudice prong, the petitioner bears "the burden of showing not merely that the errors

23  [complained of] constituted a possibility of prejudice, but that they worked to his actual and

3

1  substantial disadvantage, infecting his entire [proceeding] with errors of constitutional

2  dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*,

3  456 U.S. 152, 170 (1982).

4       In this case, Edwards asserted the claims in this federal petition in state court in his

5  second state habeas action but he did not assert those claims in his first state habeas action. *See*

6  Petition for Writ of Habeas Corpus, Exh. 67 (ECF No. 9-27) (petition in second state habeas

7  action); Appellant's Informal Brief, Exh. 78 (ECF No. 9-38) (opening brief on appeal in second

8  state habeas action); Petition for Writ of Habeas Corpus, Exh. 58 (ECF No. 9-18) (petition in

9  first state habeas action).  On the appeal in the second habeas action, the Supreme Court of

10  Nevada ruled that Edwards' claims were barred by a state procedural rule. *See* Order of

11  Affirmance, Exh. 79, p. 1 (ECF No. 9-39, p. 2) ("These claims were waived and an abuse of the

12  writ as they could have been raised in his first petition, and appellant fails to demonstrate good

13  cause for his failure to do so. *See* NRS 34.810(1)(b), (2), (3).") (footnote omitted).  Therefore,

14  Edwards' claims are subject to the procedural default doctrine.

15       Nevada Revised Statutes § 34.810 is an adequate state-law basis for application of a

16  procedural default. *See Vang v. Nevada*, 329 F.3d 1069, 1074–75 (9th Cir. 2003).  And Edwards

17  makes no colorable showing of cause and prejudice to overcome the procedural default. *See*

18  Response to Motion to Dismiss (ECF No. 14).  All of Edwards claims are subject to dismissal as

19  procedurally defaulted.  I will, therefore, grant dismiss this action.

20       As jurists of reason would not find it debatable whether this ruling is correct, I will deny

21  Edwards a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S.

22  473, 484 (2000); *James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).  Edwards may still

23

4

appeal, however, by filing a timely notice of appeal in this court and seeking a certificate of

appealability from the Ninth Circuit Court of Appeals.

I THEREFORE ORDER that the respondents' Motion to Dismiss **(ECF No. 7) is**

**GRANTED**. This action is dismissed

I FURTHER ORDER that Petitioner is denied a certificate of appealability.

I FURTHER ORDER the Clerk of the Court to enter judgment accordingly.

Dated: April 17, 2020

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE